IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| UNITED STATES OF AMERICA, Plaintiff, v. ROBERTO MIROMANTES ROMAN, Defendant. | **MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTIONS TO DISMISS UNDER DOUBLE JEOPARDY CLAUSE** Case No. 2:13-cr-00602-DN-DBP-1 District Judge David Nuffer Magistrate Judge Dustin B. Pead |
|---|---|

Defendant Robert Miromantes Roman, by and through counsel, moves to dismiss "Counts 2 through 10 of the Indictment in this case on the basis that prosecution of such counts violates the Fifth Amendment's Double Jeopardy Clause."[1] For the reasons set forth below, Mr. Roman's motion[2] and amended motion[3] are DENIED.

## BACKGROUND

Mr. Roman was previously prosecuted by the State of Utah for three Counts:

Count I.    Aggravated Murder, in violation of Utah Code § 76-5-202;

Count II.   Tampering with Evidence, in violation of Utah Code § 76-8-510.5; and

Count III.  Possession of a Firearm by a Category II Restricted Person, in violation of Utah Code § 76-10-503.[4]

After trial held in the Fourth Judicial District Court, Spanish Fork Division, Utah County, an eight-person jury found Mr. Roman not guilty of Count I, guilty of Count II, and guilty of Count III.[5]

---

[1] Amended Motion to Dismiss under Double Jeopardy Clause, docket no. 68, filed April 29, 2014.

[2] Motion to Dismiss under Double Jeopardy Clause, docket no. 29, filed February 28, 2014.

[3] Amended Motion to Dismiss under Double Jeopardy Clause, docket no. 68, filed April 29, 2014.

[4] Amended Information, docket no. 69-2, filed April 29, 2014.

After the conclusion of the state court trial, an 11-count indictment was returned against Mr. Roman in this court.[6] The indictment includes the following charges:

Count 1.   Distribution of a Schedule II controlled substance, in violation of 21 U.S.C. § 841 (a)(1);

Count 2.   Possession of a firearm in furtherance of a drug trafficking crime (Count 1), in violation of 18 U.S.C. § 924(c)(1)(A);

Count 3.   Distribution of a Schedule II controlled substance, in violation of 21 U.S.C. § 841 (a)(1);

Count 4.   Possession of a firearm in furtherance of a drug trafficking crime (Count 3), in violation of 18 U.S.C. § 924(c)(1)(A);

Count 5.   Distribution of a Schedule II controlled substance, in violation of 21 U.S.C. § 841 (a)(1);

Count 6.   Possession of a firearm in furtherance of a drug trafficking crime (Count 5), in violation of 18 U.S.C. § 924(c)(1)(A);

Count 7.   Killing of a local law enforcement officer to avoid apprehension for a felony drug crime in violation of 21 U.S.C. § 848(e)(1)(B);

Count 8.   Use, carry, and discharge of a firearm during and in relation to a crime of violence (Count 7), in violation of 18 U.S.C. § 924(c)(1)(A);

Count 9.   Possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2);

Count 10.  Possession of a firearm by an illegal alien, in violation of 18 U.S.C. §§ 922(g)(5) and 924(a)(2); and

Count 11.  Illegal reentry by a previously removed alien, in violation of 8 U.S.C. § 1326.[7]

Shortly after the filing of the indictment, Mr. Roman moved to dismiss Counts 7 and 8 on double jeopardy grounds pursuant to the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution.[8] Later, Mr. Roman amended his motion to dismiss "to broaden the

---

[5] Verdict, docket no. 69-2, filed April 29, 2014.

[6] Indictment, docket no. 1, filed September 5, 2013.

[7] Indictment at 2-5, docket no. 1, filed September 5, 2013.

[8] Motion to Dismiss under Double Jeopardy Clause at 1, docket no. 29, filed February 28, 2014.

previous motion to dismiss to now encompass counts not previously noted in that motion."[9] The amended motion seeks to dismiss "Counts 2 through 10 of the Indictment in this case on the basis that prosecution of such counts violates the Fifth Amendment's Double Jeopardy Clause."[10] The government opposes the motion based on the dual sovereignty doctrine.[11]

## DISCUSSION

The Fifth Amendment states that "No person shall . . . be subject for the same offence to be twice put in jeopardy of life or limb[.]"[12] This clause of the Fifth Amendment is commonly known as the Double Jeopardy Clause, and prohibits "not only multiple punishments for the same crime, but also multiple prosecutions as well."[13] "One significant limitation exists, however, to the protection afforded by the Double Jeopardy Clause."[14] The exception "is known as the dual sovereignty doctrine, under which courts recognize that the Clause is no bar to serial prosecution and punishment undertaken by separate sovereign entities."[15] "The Supreme Court has explained that the doctrine is founded on the common-law conception of crime as an offense against the sovereignty of the government, and [w]hen a defendant in a single act violates the peace and dignity of two sovereigns by breaking the laws of each, he has committed two distinct offenses."[16] "In other words, the doctrine is best understood . . . *not* as an exception to double

---

[9] Amended Motion to Dismiss under Double Jeopardy Clause, docket no. 68, filed April 29, 2014.

[10] Amended Motion to Dismiss under Double Jeopardy Clause, docket no. 68, filed April 29, 2014.

[11] United States' Response to Defendant's Motion to Dismiss on Double Jeopardy Grounds at 5, docket no. 70, filed May 28, 2014.

[12] U.S. Const. amend. V.

[13] *U.S. v. Barrett*, 496 F.3d 1079, 1118 (10th Cir. 2007) (internal citation and quotation marks omitted).

[14] *Id.* (internal citation and quotation marks omitted).

[15] *Id.* (internal citation and quotation marks omitted).

[16] *Id.* (internal citation and quotation marks omitted) (alteration in original).

3

jeopardy, but rather as a manifestation of the maxim that where a defendant violates the law of two sovereigns, he commits separate offenses."[17]

In this case, Mr. Roman acknowledges that "current Supreme Court precedent permits prosecution of previously acquitted and convicted counts due to the dual sovereignty exception"[18] and that "this Court is bound by the dual sovereignty doctrine,."[19] But he argues that the doctrine should be repudiated and Counts 2 through 10 should be dismissed because Mr. Roman was previously prosecuted in state court and was "convicted of possessing the firearm at issue in Counts 2, 4, 6, 8, 9 & 10"[20] and was "acquitted of the murder of Josie Greathouse Fox, Counts 7 & 8,"[21] and because "the conduct underlying Counts 3 and 5 are part of the 'same criminal act, occurrence, episode, or transaction.'"[22]

Mr. Roman further argues that the dual sovereignty exception deviates considerably from the Framers' intent,[23] is analytically flawed in that it treats the State and the federal government as separate sovereigns,[24] and is inconsistent with the approach of other areas of criminal procedure such as self-incrimination and unreasonable search and seizure.[25]

The United States responds to these arguments by noting that "[e]ven if any of the federal charges contain the same elements as the state charges, they are not the 'same offense' for

---

[17] *Id.* (internal citation and quotation marks omitted) (alteration in original).

[18] Memorandum in Support of Motion to Dismiss on Double Jeopardy Grounds at 5, docket no. 69, filed April 29, 2014.

[19] *Id.* at 8 n. 14, docket no. 69, filed April 29, 2014.

[20] *Id.* at 4.

[21] *Id.*

[22] *Id.* (quoting *Ashe v. Swenson*, 397 U.S. 436, 453 (1970)).

[23] *Id.* at 8-10.

[24] *Id.* at 10-12.

[25] *Id.* at 13-15.

purposes of double jeopardy."[26]  The United States argues that it is prosecuting federal crimes, not state crimes, and is therefore "entitled to vindicate its interest in prosecuting Roman for his alleged violation of federal criminal statutes" regardless of whether the State of Utah has already pursued charges based in state law for the same conduct.[27]  The United States correctly points out that the U.S. Supreme Court created the dual sovereignty doctrine, has had opportunities to overrule it, but thus far has refused to do so."[28]

Because the dual sovereignty doctrine has not been overruled by the U.S. Supreme Court, and because the federal charges are not the same as the state charges under which Mr. Roman was previously prosecuted, there is no basis to grant Mr. Roman's motion to dismiss.  The state charges were based in the Utah Code and the federal charges are based in the United States Code.  Therefore, regardless of whether the charges are based in the same conduct, the charges are being pursued under separate legal regimes and are not the "same" for purposes of double jeopardy analysis.  The U.S. Supreme Court has made clear that the dual sovereignty doctrine is still a valid legal doctrine, and therefore each sovereign is permitted to prosecute alleged violations of its own laws.

Moreover, although Mr. Roman cites many academic works that criticize the dual sovereignty doctrine, and makes the argument that the doctrine is contrary to the view espoused by the Framers at the inception of this country's foundation, he fails to cite to any case overruling the doctrine.  Therefore, his request to eradicate the doctrine from American

---

[26] United States' Response to Defendant's Motion to Dismiss on Double Jeopardy Grounds at 4 (citing *Heath v. Alabama*, 474 U.S. 82, 87 (1985) and *United States v. Dixon*, 509 U.S. 688, 696 (1993)), docket no. 70, filed May 28, 2014.

[27] United States' Response to Defendant's Motion to Dismiss on Double Jeopardy Grounds at 4.

[28] *Id.* at 5 (citing *Abbate v. United States*, 359 U.S. 187, 194-95 (1950) and *Heath*, 474 U.S. at 92).

jurisprudence cannot be granted by this court since "lower courts are required to follow the precedential decisions of higher courts on questions of law."[29]

## CONCLUSION AND ORDER

IT IS THEREFORE ORDERED that Defendant Robert Miromantes Roman's Motion to Dismiss Under Double Jeopardy Clause[30] and Amended Motion to Dismiss Under Double Jeopardy Clause[31] are DENIED.

Signed September 29, 2014.

BY THE COURT

*[signature]*

District Judge David Nuffer

---

[29] *B.T. ex rel. G.T. v. Santa Fe Public Schools*, 506 F.Supp.2d 718, 724-25 (citing *Hutto v. Davis*, 454 U.S. 370, 375 (1982)).

[30] Motion to Dismiss under Double Jeopardy Clause, docket no. 29, filed February 28, 2014.

[31] Docket no. 68, filed April 29, 2014.