IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                 Plaintiff,<br>v.<br><br>ROBERTO MIRAMONTES ROMAN,<br><br>                 Defendant. | **MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION TO SEVER COUNT 11 AND TO BIFURCATE COUNTS 9 AND 10**<br><br>Case No. 2:13-cr-00602-DN-DBP<br><br>District Judge David Nuffer |

Defendant Roberto Miramontes Roman moves under Fed. R. Crim. P. 14 to sever count 11 (charging illegal reentry) from the remaining counts in the Indictment.[1] Mr. Roman further moves to bifurcate trial as to the restricted (illegal alien) status element of counts 9 and 10. Upon careful review of the parties' memoranda, the Motion[2] is DENIED for the reasons stated below.

## BACKGROUND

Mr. Roman was indicted for distributing methamphetamine while possessing an AK-47 rifle and a Bersa .380 handgun in furtherance of drug distribution between November 2009 and January 2010 (counts 1–6).[3] He also is charged with using the AK-47 rifle to intentionally kill Millard County Deputy Sheriff Josie Fox while attempting to avoid arrest (counts 7–8),[4] being a felon and an illegal alien in possession of a firearm (counts 9–10),[5] and illegal reentry, having previously been removed in 2005 (count 11).[6]

---

[1] Indictment, docket no. 1, filed Sept. 5, 2013.

[2] Defendant's Motion to Sever ("Motion to Sever"), docket no. 90, filed Oct. 16, 2014.

[3] Indictment, at 2–3.

[4] *Id.* at 4.

[5] *Id.* at 4–5.

[6] *Id.* at 5.

In his Memorandum in Support of His Motion to Sever Count 11 and to Bifurcate Counts 9 and 10 ("Supporting Memorandum"),[7] Mr. Roman requests severance of count 11 with a separate trial pursuant to Fed. R. Crim. P. 8 and 14, and a bifurcated trial as to the restricted status element of counts 9 and 10. Mr. Roman argues there is a perceived risk of an unfair criminal proceeding due to his status as a felon and illegal alien.

## ANALYSIS

Under Fed. R. Crim. P. 8(a), the government may charge a defendant with multiple offenses "if the offenses charged . . . are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." However, courts have discretion to order separate trials of offenses under Fed. R. Crim. P. 14(a) if "the joinder of offenses . . . appears to prejudice a defendant." Rule 14 is also "designed 'to promote economy and efficiency and to avoid a multiplicity of trials, [so long as] these objectives can be achieved without substantial prejudice to the right of the defendants to a fair trial.'"[8] Joinder of multiple counts under Rule 8(a), and ordering separate trials under Rule 14(a) are issues committed to the discretion of trial courts.[9] For the reasons stated more fully below, the motion is DENIED.

### A. No Actual Prejudice Has Been Specified That Would Require Severance of Count 11, and Any Prejudice Will Be Cured Through Jury Instructions

"In order to obtain a severance, a defendant must show clear prejudice resulting from joinder at trial."[10] When the Defendant does not have a right to the severance, it is a matter of

---

[7] Defendant's Memorandum in Support of His Motion to Sever Count 11 and to Bifurcate Counts 9 and 10 ("Supporting Memorandum"), docket no. 94, filed Oct. 17, 2014.

[8] *Zafiro v. United States*, 506 U.S. 534, 540 (1993) (quoting *Bruton v. United States*, 391 U.S. 123, 131 n.6 (1968)).

[9] *United States v. Bailey*, 952 F.2d 363, 365 (10th Cir. 1991); *United States v. Burkley*, 513 F.3d 1183, 1188 (10th Cir. 2008).

[10] *United States v. Strand*, 617 F.2d 571, 575 (10th Cir. 1980).

discretion, and "'the defendant must bear a heavy burden of showing real prejudice to his case.'"[11] The burden requires showing that "the denial of severance would result in 'actual prejudice' to his defense, . . . and that this prejudice would 'outweigh' the expense and inconvenience of separate trials."[12]

In an attempt to meet this heavy burden, Mr. Roman argues that the jury might convict him "on the illegal reentry count when they might not do so if [he] was tried on that count alone."[13] Not severing the illegal reentry count, Mr. Roman argues, will make the jury aware of his other charges, increase the likelihood of "creat[ing] hostility in the jury," and the "jury will presume guilt on [the illegal reentry count] due to the other charges."[14] But Mr. Roman only relies on these broad assertions that are likely to affect many cases with instances of joinder of multiple charges and illegal reentry.[15] If knowledge of other charges in conjunction with illegal reentry invariably prejudices a jury, then cases including charges of illegal reentry would always have a separate trial. This is not the rule, however.

In *United States v. Furman*,[16] the defendant similarly argued that the district court should have severed some of the counts due to anticipated prejudice from the evidence presented against him.[17] Nevertheless, the Tenth Circuit affirmed the district court's decision and stated that the prejudice from the "spillover effect of damaging evidence" was not sufficient grounds for

---

[11] *United States v. Zander*, No. 2:10-cr-1088 DN, 2012 WL 5416197, *1 (D. Utah Nov. 2, 2012) (quoting *United States v. Petersen*, 611 F.2d 1313, 1331 (10th Cir. 1979)).

[12] *United States v. Tucker*, 502 F. App'x 720, 723 (10th Cir. 2012) (quoting *United States v. Hutchinson*, 573 F.3d 1011, 1025 (10th Cir. 2009)).

[13] Supporting Memorandum, at 3.

[14] *Id.*

[15] *See id.*

[16] 31 F.3d 1034 (10th Cir. 1994).

[17] *Id.* at 1036.

severance.[18] "Neither a mere allegation that defendant would have a better chance of acquittal in a separate trial, nor a complaint of the 'spillover' effect of damaging evidence is sufficient to warrant severance."[19]

Other courts have denied such motions where the illegal reentry is part of the same series of acts or transactions as the other offenses charged in the indictment.[20] For example, in *U.S. v. Brown*,[21] the Southern District of New York held that the connection between various narcotics charges and the illegal reentry charge was sufficiently close because

> It would have been impossible for Brown to have committed the narcotics offenses charged without actually being present in the United States. Since it is alleged that Brown's presence in the United States was, itself, a crime, the substantive narcotics offenses and the illegal reentry count are sufficiently related for purposes of joinder under Rule 8(b).[22]

Similarly, Mr. Roman could not have committed the offenses charged in this case without actually being present in the United States, which is itself a crime. Furthermore, his illegal reentry directly relates to the charge for being an illegal alien in possession of a firearm. Therefore, the illegal reentry charge is sufficiently connected with the other charges.

Furthermore, Mr. Roman has not shown that any potential prejudice cannot be cured with limiting instructions. In *United States v. Tucker*,[23] a defendant appealed his conviction after the district court failed to sever the felon-in-possession of a firearm and ammunition counts from the

---

[18] *Id.* at 1037.

[19] *Id.* (internal quotations omitted).

[20] *See, e.g.*, *U.S. v. Brown*, 744 F.Supp. 558 (S.D.N.Y. 1990); *see also United States v. Espinal-Mejia*, 852 F.Supp. 3, 4 (N.D.N.Y. 1994).

[21] *Id.*

[22] *Id.* at 563. Because *Brown* involved multiple defendants, the court applied the standard for joinder of defendants under Rule 8(b). However, this analysis produces the same result under the Rule 8(a) standard for joinder of charges. *See United States v. Estrella*, No. S1 01 CR. 984(JFK), 2002 WL 655202 (S.D.N.Y.) (unreported) (relying on *Brown* to rule that illegal reentry and narcotics offenses were "properly joined under Rule 8(b) and also under Rule 8(a)").

[23] 502 F. App'x 720.

drug-related counts.[24] The Tenth Circuit held that the defendant did not demonstrate actual prejudice, and the district court "ameliorate[d] any possible prejudice by providing the jury with limiting instructions."[25] The Tenth Circuit has also held that "[a] central assumption of our jurisprudence is that juries follow the instructions they receive."[26] Likewise, in *Furman,* a limiting instruction was sufficient.[27] Therefore, without a specific showing otherwise, jury instructions will cure any potential prejudice to Mr. Roman.

Courts have a compelling interest "rooted in judicial efficiency"[28] to deny severance when the charges are interrelated and the same witnesses would be summoned to court.[29] The illegal reentry count is closely related to Count 10[30] regarding unlawful possession of a firearm by an illegal alien. Furthermore, Mr. Roman has not met his heavy burden of establishing actual prejudice. Therefore, severance of Count 11 would be inappropriate.

### B. Bifurcation of Counts 9 and 10 Would Remove an Element of the Crime from the Jury's Consideration, and Any Prejudice Will Be Cured Through Jury Instructions

Mr. Roman further argues that the elements of counts 9 and 10 concerning the admission of his felony conviction and immigration status would prejudice the jury,[31] and that bifurcation of those elements of those charges would prevent the jury from hearing evidence of Mr. Roman's prior crimes while debating the other elements of those charges, guaranteeing him a fair trial.[32]

---

[24] *Id.* at 721.

[25] *Id.* at 724.

[26] *United States v. Castillo*, 140 F.3d 874, 884 (10th Cir. 1998).

[27] *Furman,* 506 U.S. at 1037.

[28] *United States v. Olsen*, 519 F.3d 1096, 1103 (10th Cir. 2008).

[29] *United States v. Bailey*, 952 F.2d 363, 365 (10th Cir. 1991).

[30] Indictment, at 5.

[31] Supporting Memorandum, at 4.

[32] *Id.*

In support of his argument, Mr. Roman relies upon *Old Chief v. United States*.[33] In *Old Chief*, the Supreme Court held that the name and nature of a defendant's prior convictions are not admissible to prove status as a felon where the defendant is willing to stipulate.[34] However, the Court did *not* hold that the existence of a defendant's conviction is inadmissible.[35] In fact, the Court discussed the ways in which a defendant's status could be proven.[36]

The Tenth Circuit addressed the issue of bifurcation of a defendant's restricted status element.[37] In *United States v. Dean*, a defendant, charged in part with being a felon in possession of a firearm, had filed a motion to bifurcate the trial so the jury could first determine the other elements of the crime before considering the defendant's prior convictions.[38] The trial court denied his motion.[39] However, on appeal the Tenth Circuit held that "[a] bifurcation order 'removes an element of the crime from the jury's consideration, prevents the government from having its case decided by the jury, and changes the very nature of the charged crime.'"[40] Thus, "'[d]oubt as to the criminality of [the defendant's] conduct may influence the jury when it considers the possession element.'"[41]

Again, Mr. Roman has not shown that any potential prejudice cannot be cured with limiting instructions. The Tenth Circuit "rel[ies] on the giving of limiting instructions to safeguard the accused from the possibility that the jury might view a prior conviction as evidence

---

[33] 519 U.S. 172 (1997).

[34] *Id.* at 191.

[35] *Id.*

[36] *Id.* at 191–92 .

[37] *United States v. Dean*, 76 F.3d 329, 331–32 (10th Cir. 1996).

[38] *Id.* at 331.

[39] *Id.*

[40] *Id.* at 332 (quoting *United States v. Barker*, 1 F.3d 957, 959 (9th Cir. 1993)).

[41] *Id.* at 332 (quoting *United States v. Collamore*, 868 F.2d 24, 28 (1st Cir. 1989)).

of predisposition to commit the crime charged."[42] The jury is presumed to follow instructions.[43] Therefore, instructions may be provided to the jury to limit any undue prejudice.

Bifurcation of the restricted status elements of Counts 9 and 10 would remove an essential element of the charged crime from the jury's consideration, and strain judicial resources. Furthermore, any potential for prejudice to Mr. Roman in a unitary trial on all elements is substantially outweighed by the wasteful prospect of conducting two sequential deliberations or two trials on essentially the same set of facts with the same witnesses. Therefore, bifurcation of elements of counts 9 and 10 would be inappropriate.

## ORDER

For the reasons set forth above, IT IS HEREBY ORDERED that Mr. Roman's Motion to Sever[44] is DENIED.

Signed November 2, 2015.

BY THE COURT

David Nuffer
United States District Judge

---

[42] *United States v. Valentine*, 706 F.2d 282, 290 n.7 (10th Cir. 1983).

[43] *United States v. Battles*, 745 F.3d 436, 453 (10th Cir. 2014).

[44] Docket no. 90, filed Oct. 16, 2014.