IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br>v.<br><br>ROBERTO MIRAMONTES ROMAN,<br><br>                    Defendant. | MEMORANDUM DECISION AND ORDER DENYING MOTION TO RECONSIDER<br><br>Case No. 2:13-CR-602-DN-DBP<br><br>District Judge David Nuffer |

Defendant Roberto Miramontes Roman seeks reconsideration[1] of his Motions to Dismiss[2] brought pursuant to the Double Jeopardy Clause of the United States Constitution.[3] Mr. Roman argues that reconsideration is appropriate[4] in light of Justice Ginsberg's concurring opinion in *Puerto Rico v. Sanchez Valle*.[5] Because the law of the case doctrine precludes reconsideration of Mr. Roman's Motions to Dismiss,[6] Mr. Roman's Motion to Reconsider[7] is DENIED.

---

[1] Motion to Reconsider Motion to Dismiss on Double Jeopardy Grounds ("Motion to Reconsider"), docket no. 165, filed Sept. 14, 2016.

[2] Motion to Dismiss Under Double Jeopardy Clause ("Motion to Dismiss"), docket no. 29, filed Feb. 28, 2014; Amended Motion to Dismiss Under Double Jeopardy Clause ("Amended Motion to Dismiss"), docket no. 68, filed Apr. 29, 2014 (collectively "Motions to Dismiss").

[3] U.S. Const. Amend. V.

[4] Motion to Reconsider, docket no. 165, filed Sept. 14, 2016; Memorandum in Support of Motion to Reconsider Motion to Dismiss on Double Jeopardy Grounds ("Supporting Memorandum"), docket no. 166, filed Sept. 14, 2016.

[5] 136 S.Ct. 1863, 1877, 195 L.Ed.2d 179 (2016) (Ginsberg, J., concurring).

[6] Docket no. 29, filed Feb. 28, 2014; Docket no. 68, filed Apr. 29, 2014.

[7] Docket no. 165, filed Sept. 14, 2016.

## BACKGROUND

On September 5, 2013, the government filed an eleven-count Indictment[8] against Mr. Roman. Mr. Roman subsequently filed a Motion to Dismiss[9] pursuant to the Double Jeopardy Clause of the United States Constitution[10] seeking dismissal of Counts VII and VIII of the Indictment.[11] Mr. Roman later filed an Amended Motion to Dismiss[12] encompassing Counts II through X of the Indictment.[13] On September 30, 2014, the Motions to Dismiss[14] were denied by Memorandum Decision and Order[15] based on the dual-sovereignty doctrine. Mr. Roman then appealed[16] to the Tenth Circuit Court of Appeals, which affirmed.[17] Mr. Roman did not file a petition for writ of certiorari with the United State Supreme Court.

Mr. Roman now seeks reconsideration[18] of his Motions to Dismiss.[19] Mr. Roman argues that reconsideration is warranted[20] in light of Justice Ginsberg's concurring opinion in *Puerto Rico v. Sanchez Valle*,[21] which called for a fresh examination of the dual-sovereignty doctrine in

---

[8] Docket no. 1, filed Sept. 5, 2014.

[9] Docket no. 29, filed Feb. 28, 2014.

[10] U.S. Const. Amend. V.

[11] Docket no. 1, filed Sept. 5, 2013.

[12] Docket no. 68, filed Apr. 29, 2014.

[13] Docket no. 1, filed Sept. 5, 2013.

[14] Docket no. 29, filed Feb. 28, 2014; Docket no. 68, filed Apr. 29, 2014.

[15] Docket no. 84, entered Sept. 30, 2014.

[16] Notice of Appeal, docket no. 85, filed Oct. 6, 2014.

[17] Order and Judgement, docket no. 130, filed July 15, 2015.

[18] Motion to Reconsider, docket no. 165, filed Sept. 14, 2016.

[19] Docket no. 29, filed Feb. 28, 2014; Docket no. 68, filed Apr. 29, 2014.

[20] Motion to Reconsider, docket no. 165, filed Sept. 14, 2016; Supporting Memorandum, docket no. 166, filed Sept. 14, 2016.

[21] 136 S.Ct. at 1877 (Ginsberg, J., concurring).

future cases. The government filed its Response Memorandum[22] on September 28, 2016, arguing that reconsideration is precluded by the law of the case doctrine.

## DISCUSSION

"Motions to reconsider are proper in criminal cases even though the Federal Rules of Criminal Procedure do not specifically provide for them."[23] However, "[t]he law of the case doctrine precludes relitigation of a ruling of law in a case once it has been decided."[24] "The doctrine 'posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.'"[25] "Th[e] doctrine is based on sound public policy that ligation should come to an end and is designed to bring about a quick resolution of disputes by preventing continued re-argument of issues already decided."[26] Therefore, "[w]hen a case is appealed and remanded, the decision of the appellate court establishes the law of the case and ordinarily will be followed by both the trial court on remand and the appellate court in any subsequent appeal."[27] This form of the law of the case doctrine is known as the mandate rule.[28]

Nevertheless, as "[t]he law of the case doctrine is a rule of practice,"[29] "[it] is not an inexorable command[.]"[30] "[Courts] will depart from the law of the case doctrine in three

---

[22] United States' Response to Defendant's Motion to Reconsider Motion to Dismiss on Double Jeopardy Grounds ("Response Memorandum"), docket no. 171, filed Sept. 28, 2016.

[23] *United States v. Christy*, 739 F.3d 534, 539 (10th Cir. 2014).

[24] *United States v. West*, 646 F.3d 745, 748 (10th Cir. 2011).

[25] *Id*. (quoting *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988).

[26] *United States v. Alvarez*, 142 F.3d 1243, 1247 (10th Cir. 1998) (internal quotations omitted).

[27] *West*, 646 F.3d at 747-48 (internal quotations omitted).

[28] *Ute Indian Tribe v. State of Utah*, 935 F.Supp. 1473, 1516-17 (D. Utah Apr. 2, 1996); Bryan A. Garner et al., *The Law of Judicial Precedent* 442, 459 (2016).

[29] *Id*. at 748.

[30] *Alvarez*, 142 F.3d at 1247 (internal quotations omitted).

exceptionally narrow circumstances: (1) when the evidence in a subsequent trial is substantially different; (2) when controlling authority has subsequently made a contrary decision of the law applicable to such issues; or (3) when the decision was clearly erroneous and would work a manifest injustice."[31]

Mr. Roman seeks reconsideration[32] of his Motions to Dismiss[33] brought pursuant to the Double Jeopardy Clause of the United States Constitution.[34] However, because Mr. Roman appealed the Memorandum Decision and Order[35] denying his Motions to Dismiss[36] and the Tenth Circuit Court of Appeals affirmed,[37] the decision of the Tenth Circuit established the law of the case[38] with respect to the Motions to Dismiss.[39] And Mr. Roman's Motion to Reconsider[40] fails to meet any of the exceptions[41] that would permit reconsideration of the Motions to Dismiss.[42]

Mr. Roman makes no attempt to point to substantially different evidence or to argue that the decision of the Tenth Circuit[43] is clearly erroneous.[44] Mr. Roman also cites to no change in

---

[31] *Id.*

[32] Motion to Reconsider, docket no. 165, filed Sept. 14, 2016.

[33] Docket no. 29, filed Feb. 28, 2014; Docket no. 68, filed Apr. 29, 2014.

[34] U.S. Const. Amend. V.

[35] Notice of Appeal, docket no. 85, filed Oct. 6, 2014.

[36] Docket no. 29, filed Feb. 28, 2014; Docket no. 68, filed Apr. 29, 2014.

[37] Order and Judgement, docket no. 130, filed July 15, 2015.

[38] *West*, 646 F.3d at 747-48.

[39] Docket no. 29, filed Feb. 28, 2014; Docket no. 68, filed Apr. 29, 2014.

[40] Docket no. 165, filed Sept. 14, 2016.

[41] *Alvarez*, 142 F.3d at 1247.

[42] Docket no. 29, filed Feb. 28, 2014; Docket no. 68, filed Apr. 29, 2014.

[43] Order and Judgement, docket no. 130, filed July 15, 2015.

[44] Motion to Reconsider, docket no. 165, filed Sept. 14, 2016; Supporting Memorandum, docket no. 166, filed Sept. 14, 2016.

controlling authority.[45] Rather, Mr. Roman's Motion to Reconsider[46] relies solely on Justice Ginsberg's concurring opinion in *Puerto Rico v. Sanchez Valle*.[47] Justice Ginsberg's concurrence[48] is not the holding of the *Sanchez Valle* majority,[49] nor does it conclude that the dual-sovereignty doctrine should no longer be applied as an exception to double jeopardy. The concurrence merely calls for a fresh examination of the dual-sovereignty doctrine in future cases.[50] Therefore, the law of the case doctrine precludes reconsideration of Mr. Roman's Motions to Dismiss.[51]

## ORDER

IT IS HEREBY ORDERED that Mr. Roman's Motion to Reconsider[52] is DENIED.

Signed November 15, 2016.

BY THE COURT

_____
District Judge David Nuffer

---

[45] Motion to Reconsider, docket no. 165, filed Sept. 14, 2016; Supporting Memorandum, docket no. 166, filed Sept. 14, 2016.

[46] Docket no. 165, filed Sept. 14, 2016.

[47] 136 S.Ct. at 1877 (Ginsberg, J., concurring).

[48] *Id*.

[49] *Id*. at 1868-1877.

[50] *Sanchez Valle*, 136 S.Ct. at 1877 (Ginsberg, J., concurring).

[51] Docket no. 29, filed Feb. 28, 2014; Docket no. 68, filed Apr. 29, 2014.

[52] Docket no. 165, filed Sept. 14, 2016.