THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ROBERTO MIRAMONTES ROMAN,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DENYING MOTION FOR COMPASSIONATE RELEASE**<br><br><br>Case No. 2:13-cr-00602-DN<br><br>District Judge David Nuffer |

Defendant filed a motion seeking a sentence reduction under the compassionate release statute, 18 U.S.C. § 3582(c) ("Motion").[1] The government and Probation Office oppose Defendant's Motion.[2]

Because Defendant fails to demonstrate that his circumstances constitute extraordinary and compelling reasons to justify a sentence reduction, and a reduced sentence would be inconsistent with the relevant § 3553(a) factors, Defendant's Motion[3] is DENIED.

# 1 DISCUSSION

## 1.1 Defendant's Motion is procedurally proper

"The First Step Act . . . modified 18 U.S.C. § 3582(c) to allow a defendant federal prisoner to file [a] motion [for compassionate release or a sentence modification] with the court

---

[1] Defendant's Motion for Sentence Reduction Under 18 U.S.C. 3582(c)(2) and (c)(1) ("Motion"), docket no. 303, filed Jan. 13, 2025.

[2] United States' Response to Defendant's Motion for Compassionate Release and Reduction of Sentence Under 18 U.S.C. § 3582(c)(1)(A)(i) ("Response"), docket no. 313, filed Mar 19, 2025; First Step Act Relief Recommendation, docket no. 309, filed under seal Feb. 20, 2025.

[3] Docket no. 303, filed Jan. 13, 2025.

him or herself."[4] However, to file such a motion, a defendant must have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons [("BOP")] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."[5]

Defendant submitted a request for relief under the First Step Act to the Warden at Federal Correctional Complex in Coleman, Florida, which was denied by a letter dated October 16, 2024.[6] Defendant subsequently filed his Motion on January 13, 2025.

Under these circumstances, and on this record, Defendant has sufficiently exhausted his administrative remedies. Defendant's Motion is procedurally proper, and its merits may be addressed.

### 1.2   Defendant is not entitled to a sentence reduction

Under the plain language of 18 U.S.C. § 3582(c)(1)(A)(i), a motion for compassionate release or sentence reduction may be granted only if three requirements are met: (1) extraordinary and compelling reasons warrant relief; (2) relief is consistent with applicable policy statements issued by the United States Sentencing Commission ("USSC"); and (3) the district court considers the factors set for in 18 U.S.C.§ 3553(a), to the extent that they are applicable.[7]

---

[4] *United States v. Williams*, No. 2:17-cr-00417-DAK, 2020 WL 806026, *1 (D. Utah Feb. 18, 2020) (citing 18 U.S.C. § 3582(c)(1)(A); *United States v. Willis*, 382 F. Supp. 3d 1185, 1187 (D. N.M. 2019)).

[5] 18 U.S.C. § 3582(c)(1)(A).

[6] Response to Inmate Request to Staff Member, docket no. 303-1, filed Jan. 13, 2025.

[7] *United States v. Maumau*, 993 F.3d 821, 831 (10th Cir. 2021).

### 1.2.1  Nonretroactive changes in the law cannot constitute extraordinary and compelling reasons to warrant a sentence reduction

Defendant argues that extraordinary and compelling reasons exist to reduce his sentence because he would receive a lesser sentence if sentenced today due to changes in the law.[8] The changes in the law Defendant identifies in his Motion (*i.e.*, changes to mandatory minimum sentences under 18 U.S.C. § 924(c)) were not made retroactive by Congress.[9] Defendant, nevertheless, relies on the USSC's relevant policy statement, which provides:

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed a the time the motion is filed, and after full consideration of the defendant's individualized circumstances.[10]

In *Rutherford v. United States*,[11] the Supreme Court addressed and rejected the exact argument Defendant raises in his Motion. The Supreme Court held that "[w]hen Congress declines to make a sentencing amendment retroactive, the fact that a preamendment sentence is longer than it would have been postamendment is not an 'extraordinary and compelling reason[n]' that 'warrant[s]' a sentence reduction."[12] "Insofar as the [USSC]'s amended policy statement maintains otherwise, it conflicts with the statute" and Congress's intent.[13] That portion of the USSC's policy statement is, therefore, invalid.[14]

---

[8] Motion at 3-5.

[9] *Id.*; First Step Act relief Eligibility Report ¶ 3 at 5, docket no. 308, filed under seal Feb. 20, 2025; *Rutherford v. United States*, 146 S.Ct. 1320, 1327 (2026).

[10] U.S.S.G. § 1B1.13(b)(6).

[11] 146 S.Ct. at 1326.

[12] *Id.* at 1330.

[13] *Id.*

[14] *Id.* at 1335.

This binding precedent establishes that nonretroactive changes in the law cannot constitute extraordinary and compelling reasons to warrant a sentence reduction. Defendant's argument to the contrary lacks merit and is rejected.

### 1.2.2 The USSC's amendment to the sentencing guidelines for acquitted conduct is inapplicable to Defendant

Defendant next argues that extraordinary and compelling reasons exist to reduce his sentence based on the USSC's 2024 amendment to the sentencing guidelines regarding acquitted conduct.[15] Specifically, Defendant argues that the calculation of his base offense level of 43 included conduct for which he was previously acquitted in the Utah state court, which is now precluded by U.S.S.G. § 1B1.3(c).[16] Defendant's argument has no merit.

U.S.S.G. § 1B1.3(c) provides that "[r]elevant conduct does not include conduct for which the defendant was criminally charged and acquitted in federal court, unless such conduct also establishes, in whole or in part, the instant offense of conviction."[17] The plain language of § 1B1.3(c) and its relevant application note make clear that the provision applies only to acquittals in federal court. Therefore, § 1B1.3(c)'s prohibition on considering an acquittal as relevant conduct is not applicable to Defendant's state court acquittal.

Additionally, Defendant is wrong that his base offense level of 43 included consideration of acquitted conduct. The guideline for Defendant's conviction on Count 7 (Intentionally Killing a Local Law Enforcement Officer Engaged in the Performance of Official Duties, 21 U.S.C. § 848(e)) is U.S.S.G § 2A1.1, which has a base offense level of 43 and a guideline range of life imprisonment.[18] Defendant's guideline range of life imprisonment plus 80 years (the sentence

---

[15] Motion at 5-8.

[16] *Id*.

[17] U.S.S.G. § 1B1.3(c).

[18] Presentence Investigation Report ¶ 34 at 11, docket no. 308-1, filed under seal Feb. 20, 2025.

which Defendant received) was not based on acquitted conduct. Indeed, Defendant's state court acquittal was not referenced when announcing his sentence.[19] Rather, Defendant's sentence was based on the offense level for his conviction on Count 7, and an additional 80 years of mandatory minimum consecutive sentences for his convictions on Counts 2, 4, 6, and 8.[20]

Therefore, the USSC's 2024 amendment to the sentencing guidelines for acquitted conduct is inapplicable to Defendant and does not constitute an extraordinary and compelling circumstance to warrant a sentence reduction.

### 1.2.3 Rehabilitation, alone, does not constitute a extraordinary and compelling circumstance to warrant a sentence reduction

Defendant also argues, in conjunction with his other arguments, that his rehabilitation while incarcerated constitutes an extraordinary and compelling reason to warrant a sentence reduction.[21] However, with the rejection of Defendant's other arguments,[22] his rehabilitation argument now stands alone.

Congress has clearly and expressly "[r]ul[ed] out 'rehabilitation alone' as a basis for compassionate release"[23]: "Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason."[24]

Therefore, Defendant fails to establish extraordinary and compelling reasons to warrant a sentence reduction.

---

[19] Sentencing Hearing Transcript at 26:5-32:8, docket no. 313-1, filed Mar. 19, 2025.

[20] *Id.*; Presentence Investigation Report ¶ 92 at 20.

[21] Motion at 10-13.

[22] *Supra* Discussion at 3-5.

[23] *Rutherford*, 146 S.Ct. at 1332.

[24] 28 U.S.C. § 994(t).

### 1.2.4  The relevant factors of 18 U.S.C. § 3553(a) do not support a sentence reduction

In considering and balancing the relevant factors of 18 U.S.C. § 3553(a), this case does not present a close call. Far from it. The seriousness of the offenses, Defendant's criminal history, the need to protect the public from further crimes, and the appropriateness of Defendant's original sentence all weigh against any reduction to Defendant's sentence in the strongest sense possible. As stated during Defendant's sentencing hearing, "[t]he circumstances of th[e] offense[s] and the history and characteristics of [D]efendant call for the most severe penalty authorized by law under the guidelines and under the statute[s]."[25] "There are no mitigating factors in favor of departure or variance, only the common sense factor that 20 years minimum plus 80 years consecutive minimum mandatories will exceed [Defendant]'s lifespan. But [there remains] the obligation of imposing a sentence that fits the statute and the guidelines."[26] Defendant's Motion identifies no circumstances or considerations that could possibly tip the balance of factors in favor a sentence reduction. Therefore, the relevant factors of § 3553(a) do not a sentence reduction.

## 2   ORDER

THEREFORE, IT IS HEREBY ORDERED that Defendant's Motion[27] is DENIED.

Signed June 18, 2026.

BY THE COURT

David Nuffer
United States District Judge

---

[25] Sentencing Hearing Transcript at 26:19-22.

[26] *Id*. 29:13-18.

[27] Docket no. 303, filed Jan. 13, 2025.

6